IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHANNON EDWARDS, | |
| Plaintiff, | Civil Action |
| v. | No. 1:21-CV-05546-KMW-EAP |
| HARRAH'S ATLANTIC CITY OPERATING, LLC d/b/a HARRAH'S RESORT ATLANTIC CITY, | **OPINION** |
| Defendant. | |

Richard A. Stoloff, Esquire
Law Offices of Richard A. Stoloff
605 New Road
Linwood, NJ 08221

      *Counsel for Plaintiff Shannon Edwards*

Anthony Giordano, Jr., Esquire
Damian S. Jackson, Esquire
Charles Hoyt, III, Esquire
Reilly, McDevitt Henrich, P.C.
3 Executive Campus, Suite 310
Cherry Hill, NJ 08002

      *Counsel for Defendant Harrah's Atlantic City Operating Company, LLC
d/b/a Harrah's Resort Atlantic City*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

    This matter comes before the Court by way of the Motion for Summary Judgment filed by

Defendant Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City

("Defendant" or "Harrah's") pursuant to Fed. R. Civ. P. 56. The Motion is opposed by Plaintiff Shannon Edwards ("Plaintiff"), who claims that Defendant is liable to her for negligence in an alleged slip-and-fall incident that occurred at its casino. For the reasons set forth below, Defendant's Motion is granted.

## II.    BACKGROUND

On September 16, 2018, Plaintiff was a patron at Defendant's casino in Atlantic City, New Jersey when she slipped and fell on water that was on the floor. *See* Def.'s Statement of Material Facts ("Def.'s SMF") ¶¶ 1, 6.[1] Video surveillance footage of the incident captures Plaintiff falling at precisely 3:04:39 a.m.[2] *See id.* ¶ 6. The footage also reveals that at 3:03:10 AM—approximately eighty-nine seconds before Plaintiff's fall—an unknown patron taking photographs was bumped by another patron, causing her to spill a water bottle in her right hand. *See id.* ¶ 5. Given the exceptionally short amount of time the water remained on the floor prior to Plaintiff's fall,

---

[1] Pursuant to L. R. Civ. P. 56.1, a movant shall "furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." In turn, the opponent of summary judgment is required to "furnish with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." *Id.* Although Defendant here has properly submitted a Statement of Material Facts, Plaintiff has failed to offer any response thereto. Instead, Plaintiff elected to include in her Opposition a string of her own narratives related to certain facts and evidence, which she believes sufficiently precludes summary judgment. What is more, she does so without making any specific citations to the evidence of record. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record[.]"). For these reasons, Defendant's Statement of Material Facts shall be "deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1.

[2] Defendant has provided the Court with a USB drive containing video surveillance footage of the incident. *See* Def.'s Ex. E. However, for reasons that are unknown to the Court, the electronic file Defendant attempted to produce is corrupt and is thus inaccessible. In contrast, Plaintiff has made no attempt to provide the Court with any evidence of the specific portions of the video she believes precludes summary judgment. Generally, a plaintiff's failure to accompany her opposition to a motion for summary judgment with specific evidence means that the evidence is "never made part of the summary judgment record" and thus "cannot demonstrate the existence of a genuine issue for trial." *McCann v. Kennedy Univ. Hosp., Inc.*, 596 F. App'x 140, 146 (3d Cir. 2014); *see also Toney v. Boardwalk Regency Corp.*, No. 08-4072, 2010 WL 148805, at *3 (D.N.J. Jan. 13, 2010) (granting summary judgment in slip-and-fall action) (noting that plaintiffs failed to provide either still photographs of video surveillance footage or any portion of the video itself). However, because the video's existence and authenticity do not appear to be in dispute, the Court will rely on the Parties' descriptions of the materially relevant portions of the footage for purposes of the instant Motion.

Defendant moves for summary judgment on the basis that it neither knew nor had reason to know of the water, and that Plaintiff's negligence claim against it fails as a matter of law.

### III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *See Anderson*, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn

from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.    DISCUSSION

To prevail on a claim of negligence under New Jersey law, a plaintiff must prove (1) that the defendant had a duty of care, (2) the defendant breached its duty of care, (3) proximate cause, and (4) actual damages. *See Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). Concerning the first prong, "[i]t is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm." *Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 729 (D.N.J. 2016) (internal quotation marks omitted). Here, the Parties do not dispute that Defendant owed Plaintiff a duty to maintain the premises in a reasonably safe condition. Rather, the instant Motion turns on the second prong—whether Plaintiff can adequately demonstrate that Defendant breached its duty.

To establish a breach of the duty of care, a plaintiff must prove "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003). Here, Defendant argues that Plaintiff's negligence claim fails because it did not have actual knowledge of the spill, and that it indeed only learned of the water after Plaintiff had fallen. And while constructive knowledge of a dangerous condition is typically a question of fact for a jury, Defendant submits that the eighty-nine seconds during which the water was on the floor did not, as a matter of law, present a reasonable opportunity to discover and remove it.

In her Opposition, Plaintiff argues that despite this admittedly short period of time, video surveillance footage of the incident reveals two Harrah's employees entering the general vicinity

of the spill seconds prior to Plaintiff's fall, which thus creates a genuine dispute of material fact as to Defendant's knowledge.[3] According to Plaintiff, the first individual appears in the footage ten seconds prior to Plaintiff's fall. This person does not walk "over or by the spill," but rather in some nondescript area that "faces the direction of the spill." Pl.'s Br. at 9. The second individual, four seconds prior to Plaintiff's fall, also appears in frame at some unidentified distance away from the spill. *See id.*; *see also* Def.'s SMF ¶ 12 (describing individual "passing the spill from a distance").[4] Based on the fact that "all Harrah's employees are responsible to look for potential slipping hazards," Plaintiff submits that a reasonable jury could infer Defendant's actual or constructive knowledge of the spill based on the presence of these two employees. Pl.'s Br. at 1.

Concerning Defendant's actual knowledge, the Court finds that Plaintiff has not produced any evidence that these employees either saw the spill, knew of the spill, or were otherwise alerted to the spill. *See Kurc v. All Star One*, No. A-3316-16T1, 2018 WL 1865397, at *2 (N.J. Super. Ct. App. Div. Apr. 19, 2018) (finding that plaintiff failed to submit any evidence of employees' actual knowledge of dangerous condition). The mere fact that two employees had entered the general vicinity of the spill seconds before the incident is insufficient to establish their actual knowledge of it. *See Schmicker v. Target*, No. 17-11628, 2020 WL 2487661, at *3 (D.N.J. May 13, 2020)

---

[3] Plaintiff's Opposition also points to a third individual—a "gentleman in a suit"—who walked in or around the area of the spill thirteen seconds prior to Plaintiff's fall. Plaintiff submits that a reasonable jury could infer that this person was a Harrah's employee based on the fact that some supervisors wear suits. *See* Pl.'s Opp. at 2. But far from firmly claiming that this person was indeed a Harrah's employee, Plaintiff's takes a "position" that offers two layers of speculation: that this person was, "more likely than not," a Harrah's employee who, "more likely than not," had actual and/or constructive notice of the spill. *Id.* at 1, 8. Both inquires quite obviously rest on a "foundation of pure conjecture," and the Court finds that this evidence is insufficient to prove Defendant's actual or constructive knowledge of the spill. *Long v. Landy*, 171 A.2d 1 (N.J. 1961) (internal citation and quotation marks omitted).

[4] Though Defendant has neither confirmed nor denied that these individuals were Harrah's employees, Plaintiff has presented evidence suggesting that their attire, which is visible from the surveillance footage, was identical to uniforms worn by other Harrah's employees. *See* Pl.'s Opp. at 6 (describing a "pumpkin" shirt with "black trim" and "black slacks" as uniform worn by dealers); *id.* at 9 (describing a "blue and black tunic" with "black slacks" worn by housekeeping employees). Based on this evidence, a reasonable jury could find that these individuals were indeed Harrah's employees, and the Court will assume as much for purposes of the instant Motion.

(finding video evidence of two employees walking "over" and "through the area of the fall" did not "demonstrate [actual] notice of a dangerous condition" (internal quotation marks omitted)). Without more, the Court finds that Plaintiff fails to demonstrate Defendant's actual knowledge of the water.

Next, the Court considers whether Plaintiff has adduced sufficient evidence to establish Defendant's constructive knowledge of the spill. "Constructive knowledge refers to notice that a particular condition existed for such a length of time as reasonably to have resulted in knowledge of the condition, had the owner . . . been reasonably diligent." *Kempf v. Target Corp.*, No. 06–1935, 2008 WL 305457, at *2 (D.N.J. Jan. 31, 2008) (citing *Parmenter v. Jarvis Drug Store*, 138 A.2d 548 (N.J. Super. Ct. App. Div. 1957)). However, the "mere [e]xistence of an alleged dangerous condition is not constructive notice of it." *Arroyo v. Durling Realty, LLC*, 78 A.3d 584, 586 (N.J. Super. Ct. App. Div. 2013) (internal quotation marks omitted) (alterations in original). While Defendant owes a duty of ordinary care to its invitees, "[i]t is not an insurer for the safety of its patrons." *Znoski v. Shop-Rite Supermarkets, Inc.*, 300 A.2d 164, 165 (N.J. Super. Ct. App. Div. 1973). Thus, "[t]he key fact in determining constructive notice is the length of time that the hazard was present." *Garcia v. Walmart, Inc.*, No. 17-03118, 2021 WL 754006, at *5 (D.N.J. Feb. 26, 2021). "The period of time sufficient to prove a defendant's constructive knowledge also depends on the characteristics of and surrounding the dangerous condition." *Yazujian v. PetSmart*, No. 13-06202, 2016 WL 4408817, at *9 (D.N.J. Aug. 16, 2016).

Here, it is undisputed that the water existed on the ground for eighty-nine seconds. However, Plaintiff offers nothing to suggest that these eighty-nine seconds were sufficient to establish Defendant's constructive notice of the spill, "no matter how diligent its employees." *Jackson v. Shoprite of Ewing, Saker Shoprites, Inc.*, No. A-3267-18T2, 2019 WL 7369792, at *2

(N.J. Super. Ct. App. Div. Dec. 31, 2019) (holding that a period of three minutes is an insufficient duration to place a business owner on constructive notice of a dangerous condition); *see also Cheatham v. Wal-Mart Stores E., LP*, No. 20-12711, 2022 WL 16922138, at *3 (D.N.J. Nov. 10, 2022) (holding that a period of three minutes and fifteen seconds is insufficient to establish constructive notice of dangerous condition). Nor does Plaintiff demonstrate how two Harrah's employees appearing in the general vicinity of the spill four and ten seconds prior to her fall were presented with a reasonable opportunity to discover the water. And although the "characteristics of the [liquid] giving rise to the slip and fall . . . may support an inference of constructive notice," Plaintiff offers no evidence that the water was so obviously visible, or that the employees were so close to the spill, that a reasonable jury could find that they should have discovered it. *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016) (granting summary judgment for failure to establish actual or constructive knowledge of dangerous condition). After all, Plaintiff herself did not notice the water prior to her fall. *See* Pl.'s Dep. Tr. at 20:3–5.

In short, Plaintiff fails to demonstrate that Defendant "had actual or constructive knowledge of the dangerous condition that caused the accident." *Nisivoccia*, 818 A.2d at 316. To assert, as Plaintiff does, that Defendant or its employees had "ample opportunity" to discover the spill only assumes, rather than establishes, that the water was present for a sufficient duration such that a reasonably diligent person should have known of it. To stave off summary judgment, Plaintiff must come forward with more than "bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Plaintiff does not do so here, and she thus fails to establish that Defendant breached its duty of care.

## V.    CONCLUSION

For the reasons articulated above, Defendant's Motion for Summary Judgment is granted.


Dated: April 30, 2023

KAREN M. WILLIAMS
United States District Judge